Filed 8/15/24  P. v. Johnson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CEDRICK JOHNSON,<br><br>    Defendant and Appellant. | B337115<br><br>Los Angeles County<br>Super. Ct. No. TA095220-02 |

APPEAL from an order of the Superior Court of Los Angeles County, John J. Lonergan, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying defendant Cedrick Johnson's petition for recall of sentence brought under Penal Code[1] section 1172.1.  We affirm.

## BACKGROUND

On June 19, 2008, Johnson, along with co-defendant Daniel Colvin, was charged with the murder of Maurio Proctor and the attempted willful, deliberate and premeditated murder of Rashad Harris.  Both defendants were charged with firearm and gang enhancements as to all counts.  On September 2, 2008, a jury found Johnson guilty of both counts and found true the firearm and gang enhancements.  On October 31, 2008, the Superior Court sentenced Johnson to a term of 25 years to life for first degree murder.  It added 25 years for a firearm enhancement under section 12022.53, subdivision (d).  The trial court imposed a concurrent term of life in prison with an additional 25 years pursuant to section 12022.53, subdivision (d).

On January 15, 2024, Johnson filed a request to recall his sentence pursuant to section 1172.1.  On February 23, 2024, the trial court declined to take action on the motion as permitted by section 1172.1, subdivision (c).  The trial court also concluded it had no jurisdiction to modify the sentence outside the initial 120-day window, citing *People v. Antolin* (2017) 9 Cal.App.5th 1176.  Johnson filed a timely notice of appeal.

On June 5, 2024, we appointed counsel to represent Johnson on appeal.  On July 1, 2024, counsel filed a no issue brief pursuant to *Delgadillo*.  Counsel advised us appellant was told he may file his own supplemental brief within 30 days.  Counsel sent

---

[1]    Statutory references are to the Penal Code.

2

Johnson transcripts of the record on appeal as well as a copy of the brief.

On July 8, 2024, this court sent Johnson notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On July 26, 2024, we received Johnson's supplemental brief. He contends 1) he is innocent of the crimes of which he was convicted; 2) he was charged as if he murdered someone while the actual suspect continued to use the same murder weapon and terrorize society; 3) the detectives knew the shooter was five feet three inches tall but chose to pursue him instead, although he was six feet tall at the time of his arrest; 4) his codefendant admitted to getting rid of the gun which appellant had never held in his hands; 5) a sentence of life in prison for witnessing a terrible crime is inappropriate; 6) it is not okay for the detective as well as the criminal justice system to willingly allow the actual suspect to remain free and commit more crimes while appellant was in the Los Angeles County Jail; 7) in April 2008, the same murder weapon was used in another shooting and the detectives had knowledge of all this; 8) the murder weapon was used by the same suspect in a shooting which occurred on Main Street when two other persons were murdered while attending a party hours before the victim in this case was shot and killed; 9) appellant is being punished for 16½ years for being a witness to a terrible crime and not having the courage to tell the truth due to his own fear; 10) the trial court failed to hold the detectives liable and accountable for withholding and intentionally misstating facts;

11) the suspect who multiple witnesses said was five feet three inches tall, 110 pounds, was allowed to remain free and was never arrested; 12) the Los Angeles Police Department lied, claiming appellant was a thief when he held multiple jobs and had applied to join the U.S. Army; 13) the district attorney falsely stated appellant was a "menace to society" for being in a known gang and committing possible thefts; 14) sitting in a car is not an action that benefited gang members; 15) on two separate occasions he tried to reach out to Compton Courthouse to provide additional information which may have taken the suspect off the streets, but the district attorney was not interested; 16) the detectives, as well as the superior court, are liable for letting the actual murderer roam free committing additional crimes; 17) he was chosen to fall for a crime he never committed; 18) the judge denied his petition for resentencing without reading it or understanding anything; 19) the judge was prejudiced and biased in his determination; 20) if the trial judge did not read the petition, the Court of Appeal should recommend another competent judge to read the supplemental brief as well as what was previously ruled on; 21) he is willing to take a polygraph to further prove his innocence; 22) he wants counsel and a private investigator appointed by the court; 23) he requests a full independent review and a time-served sentence for witnessing this terrible crime; 24) detectives in the Southeast Division had knowledge but withheld valuable evidence that would have cleared his name in March 2008 when they paid him a visit at East Max facility and then chose not to pursue the suspect; 25) his family has paid full victim restitution for a murder he never committed; 26) he did not kill, did not drive, did not get rid of evidence and did not tell anyone to commit this crime.

# DISCUSSION

## A.     Petition for Recall of Sentence under Section 1172.1

To the extent Johnson challenges the trial judge's denial of his request to recall the sentence under section 1172.1, his challenge fails.  Under that section, the trial court "may, on its own motion, within 120 days of the date of commitment or at any time . . . upon the recommendation of the secretary [of the California Department of Corrections and Rehabilitation (CDCR)] . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced."  (§ 1172.1, subd. (a)(1).)  Appellant was sentenced over 16 years ago and there is no evidence of any officials, including CDCR, recommending recall and resentencing.  This section does not apply.  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1081–1082.)

Appellant's other contentions about misconduct by prosecutors, law enforcement, the trial judge, and defense counsel are not properly brought under the authority of a petition to recall sentence pursuant to section 1172.1.  Neither are his averments of innocence or insufficient evidence.  Appellant is free to pursue his other claims by way of appropriate legal measures.

We decline to exercise our discretion to independently review the record.  (*Delgadillo, supra*, 14 Cal.5th at p. 226.)

5

## DISPOSITION

The order denying the petition for recall of sentence is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.

6